IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICK ANDREW MORRIS,                  OPINION AND ORDER

        Plaintiff,                                                   16-cv-625-bbc[1]

    v.

JASON T. ZEIMER,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Fredrick Andrew Morris, a prisoner at Columbia Correctional Institution, has filed this lawsuit against defendant Jason T. Zeimer, a correctional officer, alleging that he violated plaintiff's constitutional rights by ignoring his complaints of suicidal thoughts and requests for help, and then recklessly allowing him to harm himself.  Plaintiff has made an initial partial payment of the filing fee in accordance with 28 U.S.C. § 1915(b)(1), so his complaint is ready for screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.  Plaintiff has failed to adequately explain how defendant's actions caused, allowed, or could have stopped his self-imposed injury.  However, I will give plaintiff an opportunity to file an amended complaint that states a viable claim.

       Plaintiff's complaint contains the following allegations, which, at this stage and for present purposes, I accept as true and read in the light most favorable to him.  Perez v. Fenoglio, 792 F.3d 768, 774 (7th Cir. 2015).

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of the case.

ALLEGATIONS OF FACT

On March 8, 2016, plaintiff Fredrick Andrew Morris, a prisoner at Columbia Correctional Institution in Portage, Wisconsin, told correctional officer Jason T. Zeimer that he was feeling suicidal and needed to see or speak with prison health or psychological staff. Defendant Zeimer told plaintiff Morris to "write a green slip to see PSU sometime," and walked away. Defendant returned later with evening medications. Plaintiff received his meds and put them in a cup "with 66 other pills" of various kinds and doses, and took all of them together, apparently attempting to kill himself. He experienced a drug overdose and was taken to the Divine Savior Hospital where he had to be kept overnight before his condition was stabilized.

OPINION

Plaintiff alleges that defendant "let me attempt to kill myself when he knew" that plaintiff was in a depressed and suicidal emotional state. In so doing, plaintiff claims that defendant acted with both deliberate indifference in violation of the Eight Amendment to the U.S. Constitution, and negligence in violation of Wisconsin state law.

A prison official can be held liable under the Eighth Amendment for self-inflicted harms committed by a prisoner if the official "subjectively knew" of a specific risk of self-harm, but intentionally disregarded that risk. Collins v. Seaman, 462 F.3d 757, 761 (7th Cir. 2006). This standard is part of the broader standard called "deliberate indifference" to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). The prison official's failure to prevent harm (including self-harm) violates the Constitution only

2

when the official "knows of and disregards an excessive risk to inmate health or safety." Gevas v. McLaughlin, 798 F.3d 475, 482 (7th Cir. 2015) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). See also Brown v. Budz, 398 F.3d 904, 915-16 (7th Cir. 2005) (to state a claim upon which relief can be granted, plaintiff must allege that defendant's conduct disregarding specific known risk caused substantial harm to inmate). The prisoner must also show that the injury would not have occurred if the prison official had not disregarded the risk. Henderson v. Sheahan, 196 F.3d 839, 848 (7th Cir. 1999).

    Plaintiff has alleged adequately that he suffered an injury by overdosing on drugs, which caused him physical and psychological pain and suffering, emotional distress, and serious medical injury which required an overnight stay in the hospital to stabilize. He has not, however, alleged adequately that defendant knew of and intentionally ignored a specific, excessive risk that plaintiff would harm himself by overdosing on drugs (or otherwise suffer serious injury).

    I can infer liberally from the complaint that defendant knew that plaintiff was at some risk of harming himself generally, and that he essentially ignored that risk, at least for a period of time during that day. But plaintiff does not explain how he came into possession of the "66 other pills" that he took with his own medication to overdose. He does not allege that defendant's actions (or failure to act) allowed him to obtain these pills, nor does he allege that defendant was aware that he had them. Therefore, there is no basis to infer that defendant knew plaintiff had the means to harm himself and posed a specific, excessive risk of doing so at that time.

I am therefore dismissing plaintiff's complaint without prejudice, and giving him an opportunity to submit an amended complaint that contains allegations sufficient to state a claim and otherwise complies with the Federal Rules of Civil Procedure. Plaintiff may have until February 24, 2017 to do so. Specifically, if plaintiff wishes to proceed with this claim, he should say how he obtained the pills, what defendant knew about them and when, what defendant did to enable him to take the pills or how he could have stopped him, and he should put forth any other factual allegations regarding how defendant's actions (or inaction) contributed to his injury by allowing him to harm himself.

ORDER

IT IS ORDERED that

1. Plaintiff Fredrick Andrew Morris complaint, dkt. #1, is DISMISSED without prejudice for failure to provide notice of his claims in accordance with Fed. R. Civ. P. 8.

2. Plaintiff may have until February 24, 2017 to file an amended complaint that complies with the Federal Rules of Civil Procedure. If plaintiff does not respond by February 24, 2017, I will dismiss the complaint for failure to state a claim upon which relief may be granted and will assess a "strike" in accordance with 28 U.S.C. § 1915(g).

Entered this 26th day of January, 2017.

BY THE COURT:

/s/_____

JAMES D. PETERSON
District Judge