IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICK ANDREW MORRIS,

                Plaintiff,

    v.

JASON T. ZEIMER,

                Defendant.

OPINION AND ORDER

16-cv-625-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Fredrick Andrew Morris is proceeding on a claim that defendant Jason T. Zeimer, a correctional officer at the Columbia Correctional Institution, violated his Eighth Amendment rights by failing to prevent plaintiff's attempted suicide. Plaintiff has filed a motion for assistance in recruiting counsel, dkt. #22, and a motion for preliminary injunctive relief to stop the prison from taking deductions from his inmate account, dkt. #30. For the reasons below, I am denying both motions.

OPINION

A. Motion for Assistance in Recruiting Counsel

A pro se litigant does not have a right to counsel in a civil case, Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007). A

1

party who wants assistance from the court in recruiting counsel must meet several requirements. Santiago v. Walls, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. Pruitt, 503 F.3d at 654-55.

Plaintiff meets the first requirement because the court has already granted him leave to proceed in forma pauperis under 28 U.S.C. § 1915(e)(1). He also meets the second requirement, as he submitted evidence that he contacted three lawyers about representing him in this case and none agreed to do so. Dkt. #26. However, I am denying plaintiff's motion because he has not shown that the case is too difficult for him to litigate on his own.

Plaintiff is concerned that he may not be able to litigate this case himself because he lacks legal training and has had limited formal education. In that respect, plaintiff is in the same position as most other pro se litigants, almost none of whom has legal training of any kind. Moreover, in contrast to the submissions filed by many pro se litigants, plaintiff's communications with the court thus far have been legible, coherent and focused on relevant issues.

Plaintiff also says that the case is complex and will require discovery and investigation, but he does not explain why he believes that. His claim is relatively

straightforward compared with other types of claims. It is based on a one-time event, during which he was present and about which he has personal knowledge. Because he has personal knowledge of the most important facts and circumstances, he will likely not need extensive discovery from defendant. Plaintiff's primary task in litigating this case will be to tell the court what happened, when, where and who was involved. Plaintiff's submissions so far show that he is capable of doing this. In fact, he has already submitted sworn declarations from two inmates who witnessed the relevant incident.

Plaintiff also says that because he now being housed in segregation, he does not have access to the Federal Rules of Civil Procedure. He does not say whether he has requested and been denied access to these rules or other legal materials kept in other parts of the prison. Even assuming he has no way to consult the federal rules at this time, this is not sufficient reason to recruit counsel for plaintiff. At this stage in the case, plaintiff's primary job is to gather the facts and evidence he needs to prove his claim. If he has not already done so, plaintiff should obtain statements from all eyewitnesses as well as any documents defendant and the Department of Corrections have pertaining to the relevant incident. He should also gather any medical records he believes are relevant to his claim. Although the federal rules provide important information about how to gather such evidence, the Preliminary Pretrial Conference Order, dkt. #21, also provides extensive information about how to conduct discovery. Plaintiff should review that order again and, if he is still confused about how to obtain evidence, he should write a letter to defendant's counsel explaining precisely which documents or other evidence he wants to obtain. If he is still confused after

3

conferring with defendant's counsel, he should contact the court for help. I am convinced that plaintiff is capable of making these efforts on his own.

In sum, I am not persuaded that plaintiff's case is so complex or that his skills are so poor that I should recruit a lawyer for him at this time. Accordingly, I am denying his motion without prejudice. If the issues involved in this case turn out to be more complicated than they appear now, then plaintiff is free to renew his motion.

B. Motion for Preliminary Injunctive Relief

Plaintiff has also filed a motion asking the court to enjoin the prison from making any deductions from the monetary gifts or refunded money in his inmate account. Dkt. #30. He says he needs the money to buy "things" and to pay for copies. He states that the institution's legal loan program will be insufficient to meet his litigation needs, especially if he is required to pay for extensive copying.

I am denying plaintiff's motion. Prison officials have the authority to deduct money from plaintiff's account as part of established state procedures to pay for restitution and other obligations. See, e.g., Wolfe v. Litscher, No. 03-C-302-C, 2003 WL 23221146, at *3 (W.D. Wis. July 7, 2003) ("[S]tate corrections officials can freeze or debit an inmate's account to enforce restitution orders issued by prison disciplinary bodies. . . ."); Richards v. Cullen, 150 Wis. 2d 935, 941, 442 N.W.2d 574, 576-77 (Ct. App. 1989) (rule requiring prisoners to save percentage of deposits for release did not violate due process). Plaintiff does not suggest that the prison has made or is making unauthorized deductions or that it

4

has violated any of his rights by deducting money from his account. He does not even say that any deductions have hampered or interfered with his ability to litigate this case in any specific way. Instead, he suggests that he *may* not have enough money for copies and other "things" he needs. These statements are far too vague to support a request for preliminary injunctive relief. So far, plaintiff has been able to submit documents to the court and has pointed to no particular incident in which he was unable to make copies or obtain sufficient money for his litigation needs through the legal loan program. Therefore, his request for preliminary injunctive relief will be denied.

ORDER

IT IS ORDERED that plaintiff Frederick Andrew Morris's motion for assistance in recruiting counsel, dkt. #22, is DENIED without prejudice, and his motion for preliminary injunctive relief, dkt. #30, is DENIED.

Entered this 15th day of September, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge