IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICK ANDREW MORRIS,

                Plaintiff,

v.

JASON T. ZEIMER,

                Defendant.

ORDER

16-cv-625-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Fredrick Andrew Morris is proceeding on a claim that defendant Jason T. Zeimer, a correctional officer at the Columbia Correctional Institution, violated plaintiff's Eighth Amendment rights by failing to prevent his attempted suicide. On September 15, 2017, I denied plaintiff's motion for assistance in recruiting counsel to represent him in this case. I concluded that plaintiff had not shown that the case is so complex or that his skills are so poor that I should recruit a lawyer for him. Dkt. #32. Plaintiff has now renewed his request for counsel. Dkt. #50.

I am denying the motion. Most of plaintiff's arguments are the same ones he made in his previous motion: he has no legal experience, has only limited formal education, has limited access to the law library and has had difficulty investigating his claims. He is also worried that he will not have enough time in the law library to file a reply brief in support of the motion for summary judgment he has filed.

1

I remain unpersuaded that plaintiff needs counsel at this stage in the case. As I explained previously, plaintiff's claim is relatively straightforward when compared with other types of claims. His claim is against a single defendant and is based on a one-time event, during which plaintiff was present and about which he has personal knowledge. Further, plaintiff has shown that he is capable of advocating for himself, at least at this stage in the case. Although he was not required to do so, he drafted and filed a coherent motion for summary judgment that is supported by a legal brief and declarations from witnesses.

Plaintiff's concerns about limited access to the law library are not sufficient reason to recruit counsel. It is not likely that plaintiff's reply brief will require extensive legal research. Instead, the outcome of plaintiff's motion for summary judgment will likely depend on whether there are genuine disputes of material fact, not whether plaintiff has cited particular case law. Moreover, if plaintiff determines that he does need additional time to conduct legal research in support of his reply brief, he may seek an extension of his reply brief deadline from the court.

In sum, I am denying plaintiff's renewed request for counsel because he has not shown that the complexities of this case exceed his abilities to litigate on his own. Pruitt v. Mote, 503 F.3d 647, 649 (7th Cir. 2007).

ORDER

IT IS ORDERED that plaintiff Frederick Andrew Morris's renewed motion

for assistance in recruiting counsel, dkt. #50, is DENIED.

Entered this 15th day of February, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge