IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICK ANDREW MORRIS,

                Plaintiff,

v.

JASON T. ZEIMER,

                Defendant.

OPINION AND ORDER

16-cv-625-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, pro se plaintiff Fredrick Andrew Morris is proceeding on a claim that defendant Jason T. Zeimer , a correctional officer at the Columbia Correctional Institution, violated plaintiff's Eighth Amendment rights by failing to prevent his attempted suicide. On June 1, 2018, I denied the parties' cross motions for summary judgment, concluding that there were disputed issues of material fact that must be resolved by a jury. Dkt. #75.

Now before the court is defendant's motion for reconsideration, in which he argues that I erred in declining to consider the Declaration of Dr. Ryan Holzmacher, the former medical director for the Department of Corrections Bureau of Health Services, as an undisclosed expert opinion. Dkt. #79. Specifically, defendant argues that although he did not file his expert disclosures with the court, he disclosed Dr. Holzmacher as an expert to plaintiff directly on March 19, 2018, just three days after defendant's expert disclosure deadline. Additionally, defendant says that because Dr. Holzmacher's opinions were fully disclosed in the declaration he submitted in support of defendant's summary judgment

1

motion prior to the expert disclosure deadline, dkt. #58, plaintiff suffered no surprise or undue prejudice from defendant's reliance on Dr. Holzmacher's opinions.

After reviewing defendant's counsel's declaration and the expert disclosure, I am persuaded that plaintiff has suffered no prejudice by defendant's reliance on Dr. Holzmacher's opinions, despite defendant's untimely disclosure and apparent failure to provide with the disclosure a "summary of the facts and opinions to which [Holzmacher] is expected to testify," as required by Fed. R. Civ. P. 26(a)(2)(C). Because defendant submitted Holzmacher's declaration before the expert disclosure deadline, plaintiff received sufficient notice as to the expert opinions Holzmacher would be providing. Therefore, I will consider Dr. Holzmacher's opinions and will not preclude defendant from relying on Holzmacher's opinions at trial in this case.

That being said, Dr. Holzmacher's opinions do not change the outcome of defendant's summary judgment motion. Defendant argued that plaintiff could not satisfy the objective element of his Eighth Amendment claim because he could not prove that he actually faced a substantial risk of serious harm to his health or safety from the assortment of pills he ingested. Defendant relied on Dr. Holzmacher's analysis of plaintiff's medical records to argue that plaintiff suffered no serious signs, symptoms or medical complaints from ingesting the pills. In particular, Dr. Holzmacher gave the opinion that, "to a reasonable degree of medical certainty, based on my review of [plaintiff's] medical records [plaintiff's] ingestion of apparent pills on March 8, 2016, did not cause him any serious medical problems." Holzmacher Decl., dkt. #58, ¶ 20. Defendant argued that because

2

plaintiff did not present expert opinion to contradict Holzmacher's declaration, plaintiff could not prove he actually faced a substantial risk of serious harm from the pills he ingested.

However, plaintiff does not need to prove that he suffered a serious physical injury to succeed on his Eighth Amendment claim: psychological harm, extreme indignities or even "heightened risk of future injury" can all satisfy the objective prong of an Eighth Amendment claim. See e.g., Budd v. Motley, 711 F.3d 840, 843 (7th Cir. 2013) ("[H]eightened risk of future injury from living in an infested jail is itself actionable."); Thomas v. Illinois, 697 F.3d 612, 614-16 (7th Cir. 2012) (explaining that "hazard, or probabilistic harm" could allow recovery); Wright v. Miller, 561 Fed. Appx. 551, 555 (7th Cir. 2014) ("Even without an actual injury, the mere probability of the harm to which [an inmate is exposed] can be sufficient to create liability."); Mathews v. Raemisch, 513 Fed. Appx. 605, 607 (7th Cir. 2013) ("[T]he district court was wrong to suggest that the plaintiffs needed to show something beyond psychological harm."). See also Ards v. Anderson, No. 16-CV-341-JDP, 2017 WL 6734189, at *7 (W.D. Wis. Dec. 29, 2017) ("[T]he Seventh Circuit has not held, as far as I am aware, that a prisoner exposed to suicide risk cannot assert a deliberate indifference claim just because he did not succeed in his suicide attempt.") Additionally, although plaintiff would not be able to recover compensatory damages without proof of physical injury, he would still be eligible for nominal or punitive damages if he can prove serious psychological harm or "probabilistic" harm. Thomas, 697 F.3d at 614-15 (explaining that nominal and punitive damages are available as a result of "hazard, or probabilistic harm" even in absence of physical or

3

psychological harm).

Viewing the facts in the light most favorable to plaintiff, I conclude that a reasonable jury could find that plaintiff faced an objectively serious harm when he attempted suicide. According to plaintiff, he showed defendant a cup of approximately 25 assorted pills, including Lisinopril, Amlodipine, Metformin, Benztropine, Trazodone and Venlafaxine, and told defendant hat he was going to commit suicide by swallowing them. Defendant told plaintiff to submit a green slip and did not return until more than an hour later, at which time defendant did not provide help. Instead, he gave plaintiff even more pills, which plaintiff then swallowed in an attempt to kill himself. Plaintiff was transported to the hospital and given charcoal, and reportedly suffered from a headache, fatigue, low potassium and a rapid heart rate. These facts, if proven true, could persuade a jury that plaintiff suffered considerable psychological harm, as well as facing a substantial risk of serious physical harm that may have been counteracted by the charcoal plaintiff ingested. Therefore, even considering Dr. Holzmacher's opinions, there are disputed issues of fact that preclude summary judgment on plaintiff's claim.

ORDER

IT IS ORDERED that defendant Jason T. Zeimer's motion for reconsideration, dkt. #79, is GRANTED IN PART and DENIED IN PART. The motion is GRANTED with

respect to defendant's request that the court consider Dr. Ryan Holzmacher's opinions. The motion is DENIED in all other respects.

Entered this 18th day of June, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge