IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDRICK ANDREW MORRIS,

            Plaintiff,

    v.

JASON T. ZEIMER,

            Defendant.

OPINION AND ORDER

16-cv-625-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, pro se plaintiff Fredrick Andrew Morris is proceeding on a claim that defendant Jason T. Zeimer, a correctional officer at the Columbia Correctional Institution, violated plaintiff's Eighth Amendment rights by failing to prevent his attempted suicide. On June 1, 2018, I denied the parties' cross motions for summary judgment, concluding that there were disputed issues of material fact that must be resolved by a jury. Dkt. #75.

Now before the court is plaintiff's motion for reconsideration, in which he argues that I erred in denying his motion for summary judgment because he proved that defendant was deliberately indifferent plaintiff's risk of self-harm. Dkt. #83. I will deny this motion. As I explained in the summary judgment decision, there are genuine factual disputes about whether plaintiff showed defendant a cupful of pills and whether defendant performed a "wellness check" on plaintiff shortly after plaintiff told defendant he was feeling suicidal. Because these material facts are in dispute, neither side is entitled to summary judgment.

Plaintiff has also renewed his request for court assistance in recruiting counsel. Dkt.

1

#77. I have denied two previous requests plaintiff made for counsel, concluding that plaintiff had not shown that the case is so complex or that his skills are so poor that I should recruit a lawyer for him. Dkt. ##32, 52. In his latest motion, plaintiff makes the same arguments he made in his previous two motions: his case is complex; he has no legal experience, only limited formal education and no help from the law library; and he does not know how to locate witnesses and conduct discovery. He also states that he will not be able to handle a jury trial without assistance.

I am not persuaded that plaintiff will be unable to present his case at trial on his own. Plaintiff is concerned that he lacks legal training and does not know how to present a case to a jury, but he should know that he is in the same position as most other pro se litigants in that respect, almost none of whom has legal training of any kind. Additionally, in contrast to many pro se litigants, plaintiff's submissions have been legible, coherent and focused on relevant issues, which demonstrates that he is at least as capable as the average pro se litigant to present his claims. In fact, plaintiff's claim against defendant survived summary judgment, a hurdle that trips up most pro se litigants. At summary judgment, plaintiff submitted proposed findings of fact, responded to defendant's proposed facts and legal arguments and submitted admissible evidence to support his claim. Although plaintiff says he does not know how to locate witnesses, he submitted declarations from two inmate witnesses. Dkt. ##44, 45. There is no indication that plaintiff would be incapable of submitting relevant evidence, calling witnesses or making coherent and persuasive arguments on his own in the courtroom at trial.

Moreover, plaintiff's single deliberate indifference claim against a single defendant is relatively simple in comparison to many cases brought by pro se litigants. Plaintiff's primary responsibility at trial will be to tell the jury his version of events: what happened, and what failed to happen, when he told defendant he was feeling suicidal. Plaintiff should review the summary judgment decision to determinate what facts are still in play at his trial against defendant, and he should think about how he will prove these facts at trial. In a few weeks, plaintiff will receive a Trial Preparation Order from the court that will provide him with more guidance about how to present his claim at trial. If, after reviewing that order, plaintiff has specific questions about what to do at trial, then he should write to the court to ask his questions.

Finally, plaintiff should know that the court would recruit counsel for every pro se plaintiff who asked for one if there were enough volunteer attorneys to take on such representation. The fact is that there are not. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. Only about 30 lawyers have the time, willingness and expertise in civil rights litigation to accept appointments and not all of them volunteer to handle one new case a year. Between 2016 and 2017, for example, the court was able to find only 15 volunteer lawyers to represent pro se litigants. In the past year, the court has had little success in finding counsel for a number of more complex cases, although the effort to do so is continuing. In the meantime, the claims of these litigants have been delayed significantly. Although the court is continually trying new approaches to recruiting counsel, there continue be many more litigants who

want the help of counsel than there are counsel who can fill that need. For this reason, the court must carefully consider each plaintiff's abilities and the complexities of the claim in determining whether to recruit counsel in any particular case.

In sum, I am not persuaded that plaintiff's case is so complex or that his skills are so poor that this court should recruit a lawyer for him. Accordingly, I am denying his motion.

ORDER

IT IS ORDERED that

1. Plaintiff Frederick Andrew Morris's motion for reconsideration, dkt. #83, is DENIED.

2. Plaintiff's motion for assistance in recruiting counsel, dkt. #77, is DENIED.

Entered this 5th day of July, 2018.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge