IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDRICK ANDREW MORRIS,

                        Plaintiff,

   v.                                                        ORDER

JASON T. ZEIMER,                            16-cv-625-jdp

                        Defendant.

---

Pro se plaintiff and prisoner Frederick Andrew Morris is proceeding on a claim that defendant Jason T. Zeimer, a correctional officer at the Columbia Correctional Institution, violated Morris's Eighth Amendment rights by failing to prevent his attempted suicide on March 8, 2016. Trial is scheduled for October 15, 2018. Morris has filed two motions relating to trial.

First, Morris filed a petition for a writ of habeas corpus *ad testificandum* for witness Theodore Smith, who is incarcerated at the Columbia Correctional Institution. Dkt. 97. Morris states that Smith witnessed the March 8, 2016 incident at issue in this case and is willing to testify voluntarily on Morris's behalf. Morris submitted a declaration from Smith at summary judgment that confirms that Smith was an eyewitness to the incident. Because Smith has agreed to testify voluntarily and will provide testimony relevant to Morris's claim, I will direct the clerk of court to issue a writ for Smith's attendance at trial.

Second, Morris has renewed his request (for the fourth time) for court assistance in recruiting counsel. Dkt. 98. Most of Morris's arguments are similar to those he made in his previous motions: he has no legal training or experience and only limited formal education; he has had difficulty investigating his claims, locating witnesses and obtaining discovery; and his

case is complex and involves conflicting versions of events. However, as with his previous motions, Morris does not provide any specific examples of how his limited legal training and education has negatively affected his ability to investigate his claims, obtain discovery, or locate witnesses. My own review of the docket in this case does not reveal any obvious deficiencies in Morris's ability to advocate for himself. Instead, Morris's submissions have been largely coherent and focused on relevant issues. Morris was able to submit sufficient evidence to survive Zeimer's motion for summary judgment, a hurdle that trips up most pro se litigants. Specifically, Morris submitted a sworn declaration describing his version of events, as well as declarations from two inmate witnesses. Morris has stated that one of those inmates—Theodore Smith—will testify on Morris's behalf at trial. Additionally, Morris has submitted a proposed exhibit list, showing that he understands the type of evidence relevant to his claim, including medical records and incident reports, and that he has managed to obtain it. Dkt. 94.

Moreover, Morris's single claim of deliberate indifference against a single defendant is relatively simple. Morris's primary responsibility at trial will be to tell the jury his version of events: what happened—and what failed to happen—on March 8, 2016, and how Officer Zeimer was involved. Although Morris is concerned that Zeimer has named an expert witness to testify regarding whether Morris suffered any serious injury, the court has explained that Morris does not necessarily need an expert to prove that he suffered an injury sufficient to support an Eighth Amendment claim. Dkt. 81 at 3. Morris should review the summary judgment decision, Dkt. 75, order on reconsideration, Dkt. 81, and the trial preparation order, Dkt. 90, to determine what facts are in dispute, and he should think about how he will prove these facts at trial. If, after reviewing these orders, Morris has specific questions about what to do at trial, then he should write to the court to ask his questions.

I sympathize with Morris's concerns regarding his ability to present his claim at a trial in front of a jury. Morris's ability to collect evidence and present his claim on paper may not translate directly into his being able to prepare opening and closing statements, develop direct lines of questioning or cross-examine witnesses. *See Walker v. Price*, __F.3d__, No. 17-1345, 2018 WL 3967298, at *7 (7th Cir. Aug. 20, 2018) (district courts should consider specific demands of trial when evaluating pro se litigant's need for counsel). But these are the same challenges facing all pro se litigants, and this court cannot recruit counsel for every pro se plaintiff whose claims survive summary judgment. There simply are not enough voluntary attorneys to take on such representation. Each year more than 300 lawsuits are filed in this district by pro se plaintiffs, most of whom are in state custody. The court is usually able to recruit around 20 volunteer lawyers to represent pro se litigants each year. Thus, the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring). In light of Morris's abilities and the relatively simple nature of his claim, I am not persuaded that this court should recruit a lawyer for Morris in this case. Accordingly, I am denying his motion.

That being said, I will set a telephonic status conference for October 9, 2018 at 1:00 p.m., so that I may review with Morris his obligations for trial and give him an opportunity to raise any final questions or concerns he has before the actual date of trial. In the interim, Morris should feel free to contact the court with any questions he has regarding trial.

ORDER

IT IS ORDERED that:

1.  Plaintiff Fredrick Andrew Morris's motion for a writ of habeas corpus *ad testificandum*, Dkt. 97, is GRANTED. The clerk of court is directed to issue a writ of habeas corpus *ad testificandum* for inmate Theodore Smith's appearance at trial beginning on October 15, 2018. Smith should arrive at the courthouse no later than 9:00 a.m.

2.  Plaintiff's motion for assistance in recruiting counsel, dkt. #98, is DENIED.

3.  The court will hold a telephonic status conference on October 9, 2018 at 1:00 p.m. Defendant's counsel is responsible for setting up the call.

Entered September 17, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge