IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FREDRICK ANDREW MORRIS,

                      Plaintiff,

   v.

JASON T. ZEIMER,

                      Defendant.

ORDER

16-cv-625-jdp

---

Pro se plaintiff and prisoner Frederick Andrew Morris is proceeding on a claim that defendant Jason T. Zeimer, a correctional officer at the Columbia Correctional Institution, violated Morris's Eighth Amendment rights by failing to prevent his attempted suicide on March 8, 2016. Trial is scheduled for October 15, 2018. The court held a telephonic status conference on Tuesday, October 9, at 1:00 p.m., at which I reviewed with Morris his obligations for trial and gave him an opportunity to raise any questions or concerns before the actual date of trial.

Morris has filed a proposed exhibit list but has not submitted any additional pretrial materials. Defendant Zeimer has filed his pretrial submissions, including two motions in limine, which I will address below. I also have attached semi-final versions of the voir dire, jury instructions, and special verdict form to this order.

Zeimer's first motion in limine seeks to exclude from trial any argument, questions, testimony, or evidence regarding the causation of physical injury, future care and treatment, or future pain and suffering. I will grant this motion, with a clarification. Neither Morris nor his other witness, inmate Theodore Smith, has the knowledge or expertise to analyze hospital records or toxicology reports or to testify about whether Morris's overdose caused him specific

physical injuries that will affect him in the future. However, Morris may describe his own understanding of his physical health and his personal experience of the overdose. He can describe any physical or mental symptoms he experienced. He may also cross-examine any witness presented by Zeimer who testifies regarding whether the overdose caused Morris any physical injuries. Finally, Morris may introduce records from his hospital stay after the overdose, but he may not give opinions about whether the hospital records prove that his overdose caused him any physical injury.

Zeimer's second motion in limine seeks to exclude any argument, questions, testimony, or evidence with regarding to lawsuits, complaints, or newspaper articles relating to the DOC or defendant. I will grant this motion. Even without the parties explaining what specific pieces of evidence might be at issue, it is difficult to see how other lawsuits or newspaper articles would have probative value outweighing the potential for prejudice.  And under Rule 404 of the Federal Rules of Evidence, other alleged bad acts by Zeimer would be inadmissible to show that he has a propensity to behave in a certain way.

ORDER

IT IS ORDERED that:

1. Defendant Jason T. Zeimer's motion to exclude argument, testimony, or evidence regarding causation of physical injury, permanence, future care and

treatment, or future pain and suffering, Dkt. 103, is GRANTED, as set forth above.

2. Defendant's motion to exclude evidence regarding lawsuits, complaints, or newspaper articles relating or referring to the Wisconsin Department of Corrections, Dkt. 103, is GRANTED.

Entered October 9, 2018.

                    BY THE COURT:
                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge